IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-00855-MSK

DOUG LEE DAHL, individually and as surviving spouse of Jennifer Dahl,

    Plaintiff,

v.

KINDRED NURSING CENTERS WEST, LLC, a/k/a Kindred Health Care, Inc., a/k/a Kindred Transitional Care & Rehabilitation-Malley, d/b/a Malley Health Care and Rehabilitation,

    Defendant.

## OPINION AND ORDER REMANDING ACTION

**THIS MATTER** comes before the Court *sua sponte*.

The Plaintiff commenced this action in the Colorado District Court for Adams County, on or about March 4, 2013. The Complaint alleges that Jennifer Dahl received inadequate medical care and treatment from the Defendant[1] at a residential rehabilitation center. Specifically, the Plaintiff contends that the Defendant failed to adequately diagnose an ulcer that, left untreated, caused Ms. Dahl to contract a fatal sepsis infection. The Complaint alleges causes of action for negligence *per se*, ordinary negligence, wrongful death, and outrageous conduct, all apparently asserted under Colorado law. On April 3, 2013, the Defendant removed (**# 1**) the action to this

---

[1] There is some dispute between the parties as to whether the caption names a single entity, Kindred Nursing Centers West, LLC, doing business through various subsidiaries and affiliates (as the caption appears to allege) or whether the entities named as "a/k/a's" of the parent entity are, in fact, distinct legal entities (as the Notice of Removal contends). For purposes of this Order, the Court need not attempt to resolve that dispute.

Court, alleging the existence of federal subject-matter jurisdiction premised on diversity of citizenship under 28 U.S.C. § 1332.[2]

Federal courts are of limited subject-matter jurisdiction, and the Court begins with a presumption that it lacks jurisdiction, requiring the party asserting the existence of federal subject-matter jurisdiction – here, the Defendant – to carry its burden of overcoming that presumption. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). The facts sufficient to demonstrate the existence of such jurisdiction must appear on the face of a well-pled complaint or be asserted in the Notice of Removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Federal subject-matter jurisdiction premised on diversity is present only when the Plaintiff(s) and Defendant(s) are of diverse citizenship and the amount in controversy exceeds the statutorily-specified amount. 28 U.S.C. § 1332(a)(1). A corporation is deemed to be a citizen of both its state of incorporation and the state in which in maintains its principal place of business. 28 U.S.C. § 1332(c)(1). If a party is a limited liability company, that party's citizenship is deemed to be that of the citizenship of each of its constituent members. *THI of New Mexico and Hobbs Center, LLC v. Patton*, 851 F.Supp.2d 1281, 1285 (D.N.M. 2011).

Here, the Complaint alleges that "Kindred Nursing Centers West is a corporation . . . with its principal location at . . . Louisville, Kentucky," but does not identify the Defendant's state of incorporation. (Complaint, ¶ 3). The Notice of Removal indicates that the Defendant "is a Delaware limited liability company," but does not identify the members of that company or their

---

[2] The negligence *per se* claim makes reference to various federal regulations governing rehabilitation facilities, but the Notice of Removal does not contend that such allegations are sufficient to give rise to federal question jurisdiction under 28 U.S.C. § 1331.

respective citizenships. Accordingly, on the record before it, the Court is unable to ascertain the Defendant's citizenship: if it is a corporation (as the Complaint contends), its place of incorporation is unstated; if it is a limited liability company (as the Notice of Removal contends), its membership and its members' respective citizenship is unstated. In either event, because the Court is unable to ascertain the Defendant's citizenship for diversity purposes, it is unable to conclude that the Defendant is of diverse citizenship from the Plaintiff.[3]

Accordingly, the Court finds that it lacks federal subject matter jurisdiction over this action. Pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** the action to the Colorado District Court for Adams County. The Clerk of the Court shall transmit the entire case file to the clerk of the Colorado District Court and shall close this case.

Dated this 24th day of April, 2013.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

---

[3] The Court notes further that the allegation of the Plaintiff's citizenship is also deficient. The Complaint alleges only that the Plaintiff "resides in Thornton, Colorado." An allegation as to a party's "residence" is not sufficient to allege that party's "citizenship" for purposes of diversity jurisdiction. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The Notice of Removal contains no supplemental allegations regarding the Plaintiff's citizenship.